Vanlandingham *v.* Huston.

OLIVER C. VANLANDINGHAM, plaintiff in error, *v.* EVAN HUSTON, defendant in error.

### *Error to White.*

If a party be out of the State so that process cannot be served on him, the Statute of Limitations ceases to run for the time being; and in such case, it is not necessary, in order to produce this result, that the party should remove absolutely; nor, on the other hand, is it sufficient in order to allow the Statute to operate, that his residence should be within the State, while temporarily absent. Every absence from the State, whether there exists in the debtor the *animus revertendi* or not, prevents the service of process, and therefore suspends the operation of the Statute.

ASSUMPSIT, originally brought in the Gallatin Circuit Court by the defendant in error against the plaintiff in error, whence the venue was changed to the White Circuit Court. The cause was there tried at the April term 1847, before the Hon. William Wilson and a jury, when a verdict was rendered for the plaintiff below for $1270.

The state of the pleadings and instructions asked on the trial in the Court below will appear in the Opinion of this Court.

*J. C. Conkling*, and *H. Eddy*, for the plaintiff in error.

The mere temporary absence of the defendant from the State does not come within the meaning of the Statute of Limitations. *Chenot* v. *Lefevre*, 3 Gilm. 639.

This Court will reverse judgments of the Circuit Court for refusing correct instructions, although none of the testimony is included in the Bill of Exceptions. *Kitchell* v. *Bratton*, 1 Scam. 303. Also, for giving erroneous instructions. *Humphreys* v. *Collier*, 1 Scam. 51; *Peyton* v. *Bowell*, 1 Blackf. 244.

*S. T. Logan*, for the defendant in error.

The Opinion of the Court was delivered by

KOERNER, J. This suit was originally commenced by Huston, the defendant in error, in the Gallatin Circuit Court to the June term 1846, but was taken by change of venue to

White county, where it was tried in the Circuit Court of said county, at the April term 1847.

The declaration in the case contained the common counts in *assumpsit*, the plaintiff Huston claiming compensation for work and labor done, services performed, &c.   To this declaration Vanlandingham pleaded the general issue, and ·payment, and also filed a plea to the effect that he had not un-·dertaken and promised within five years, next before the commencement of the suit.   To this last plea, Huston replied, that defendant had undertaken and promised .within five years, &c., and also that defendant had been.without the jurisdiction of the Court for a period of four years within five years, and before that time.   Upon these pleadings it would seem from the record, issues were formed and the parties went to trial.   The jury found a verdict in favor of Huston, the plaintiff below, for $1270·00.   A motion for a new trial was made for the reason, amongst others, that the Court gave improper, and refused to give proper instructions.   The motion was overruled and judgment was rendered upon said verdict.

We are not called upon by anything appearing in the record, to decide upon the correctness or incorrectness of these pleadings.   The errors assigned relate to the instructions only, and our inquiry is therefore confined to them.

The following instructions, asked by the defendant's counsel, were refused by the Court:

1.  . That if the jury believe the cause of action in this suit, or any item of the account sued on, accrued and became chargeable five years before the issuing of this writ, the Statute of Limitation will run and bar the action or the item of longer standing than five years;

2.   An occasional absence in another State on business, less than an absolute removal and settlement in such other State, will not take the case out of the Statute of Limitations; and

3.   That if the jury believed the said defendant's residence and that of his *family* was in this State, though he was occasionally absent for a year or two attending to his farm

Vanlandingham *v.* Huston.

or business in Louisiana, or elsewhere, would not take the case out of the Statute.

It is at all times a difficult matter to decide upon the correctness of the decisions of the Circuit Court in regard to instructions, when no portion of the evidence, as is the case here, is preserved in the bill of exceptions. Instructions containing legal propositions are sometimes, and properly too, refused, on account of their being totally inapplicable to the evidence in the case. Sometimes strong reasons do appear by an examination of the whole testimony, why a cause should not be reversed, although a Court have misdirected a jury. In the present case, however, we do not deem it necessary to place the affirmance of the judgment below on the absence of the testimony, or even a portion of it, in the bill of exceptions. Cases may and do frequently arise where independent of the testimony in the case, the Court may be able to decide on instructions from the balance of the record.

The first instruction certainly contains the law as far as it goes, but the Court decided correctly in declining to give it, because it does not go far enough. It must be recollected that in this case several issues had been formed. The Statute of Limitation was set up by the defendant, which the plaintiff sought to avoid in two ways; first, by showing a subsequent promise, and secondly, by alleging an interruption of the operation of the Statute by showing that the defendant was out of the jurisdiction of the Court for a part of the time. Now in such a case, the party asking instructions must either confine them (if they are of partial application only,) in terms to the particular issue to which they are intended to apply, or must modify them in such a manner as will make the jury aware, that it is only in the event that other issues are not found against him, they can base their verdict, if supported by facts, on the law, as asked in his favor by him. The Court may of its own volition add a proper instruction calculated to modify the instruction, so as to secure the object sought to be obtained, without endangering the rights of the adverse party; but there is no compulsion for it to do so, more particularly since the passage of the law concerning instructions. Laws of 1846–7, 63.

If, in the present case there had been proof of a subsequent promise, or of an interruption of the operation of the Statute, the jury could not be instructed to find for the defendant merely upon the ground, that the cause of action had been proved to have originally accrued more than five years before the commencement of this action.

The second and third instructions were also correctly refused, as they do not contain the law as this Court understands it. Our Statute is peculiar in its terms.

The being out of the State, so that process cannot be served upon the party, prevents the Statute from running, and it is not necessary that there should be an absolute removal, as assumed in the second instruction; nor is it sufficient in order to allow the Statute to operate, that the residence of the defendant should be here, while he was absent for one or two years from the State, as assumed in the third instruction. Under our Statute, the inability of the creditor to have personal service on his debtor seems to be made the sole ground for arresting the Statute. Every absence from the State, no matter whether there exists in the debtor the *animus revertendi* or not, prevents the serving of process. This is the construction of the Statute as laid down by this Court in the case of *Chenot v. Lefevre*, 3 Gilm. 638, and we see no reason why we should not adhere to it.

The following instruction the Court gave for the plaintiff: "If the jury believe from the evidence that the defendant has been absent out of the State a sufficient length of time to take the case out of the Statute of Limitation, they will not regard the plea of the Statute of Limitation, but find for the plaintiff such accounts, as he may have proved under the other pleas."

From what we have said concerning the refusal of the instruction, it necessarily follows, that we deem the instruction given correct in substance, though certainly somewhat exceptionablein phraseology. It was therefore properly given. There is no error in the record.

Judgment below affirmed, the plaintiff in error to pay the costs.

*Judgment affirmed.*